UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAMION NATHANIEL BROMFIELD,

Plaintiff,

v.

CHARLES MCBURNEY, *et al.*,

Defendants.

Case No. C07-5226RBL-KLS

REPORT AND RECOMMENDATION

Noted for March 28, 2008

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court on the filing of a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) by defendants Charles McBurney, A. Nelson, George Wigen, Doe McClusky, Carl Sadler, and Jose Moncevias, all employees of the Geo Group Inc.[1] (the "GEO defendants"). (Dkt. #11). For the reasons set forth below, the undersigned recommends the Court deny that motion as being moot.

## DISCUSSION

Plaintiff currently is a detainee at the Northwest Detention Center ("NWDC"), located in Tacoma, Washington, which is a federal immigration detention facility administered under contract by The GEO

---

[1] While plaintiff refers to these defendants as being employees of the "Geo Corporation" in his complaint (see Dkt. #5, pp. 1-2), that corporation actually appears to be The GEO Group, Inc. See http://www.thegeogroupinc.com/northamerica.asp?fid=105; http://www.ice.gov/pi/dro/facilities/tacoma.htm.

REPORT AND RECOMMENDATION
Page - 1

1  Group, Inc.[2]  As noted above, the GEO defendants are all employees of The GEO Group, Inc.  Plaintiff
2  has brought this action against the GEO defendants, and defendants Michael Melendez and Jack Bennett,
3  both employees of Immigration and Customs Enforcement ("ICE"), a branch of the United States
4  Department of Homeland Security, pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 430 U.S.
5  388 (1971), and the Americans with Disabilities Act ("ADA").

6  The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the
7  complaint. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  All material factual allegations
8  contained in the complaint "are taken as admitted" and the complaint is to be liberally "construed in the
9  light most favorable" to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Lee, 250 F.3d at
10 688.  A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), furthermore, "unless it appears
11 beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to
12 relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

13 Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory
14 or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police
15 Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Vague and mere "[c]onclusionary allegations, unsupported by
16 facts" are not sufficient to state a claim under 42 U.S.C. § 1983. Jones v. Community Development
17 Agency, 733 F.2d 646, 649 (9th Cir. 1984); Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).  Thus,
18 even though the Court is to construe the complaint liberally, such construction "may not supply essential
19 elements of the claim that were not initially pled." Pena, 976 F.2d at 471.

20 Before the Court may dismiss a *pro se* complaint for failure to state a claim, however, it "must
21 provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to
22 amend the complaint prior to dismissal." McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); see
23 also Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir. 1987) (court erred by not notifying *pro se* prisoner
24 litigant of amended complaint's deficiencies and allowing him leave to amend).

25 On January 14, 2008, the undersigned issued an order to show cause finding plaintiff's complaint
26 (Dkt. #5) contained a number of deficiencies (Dkt. #13).  In that order, the undersigned informed plaintiff

27

28   [2]See http://www.thegeogroupinc.com/northamerica.asp?fid=105; http://www.ice.gov/pi/dro/facilities/tacoma.htm; (Dkt. #5, p. 1).

REPORT AND RECOMMENDATION
Page - 2

1 that a recommendation to grant the GEO defendants' motion to dismiss would be made, unless he filed an
2 amended complaint curing the complaint's deficiencies. In particular, the Court noted that the majority of
3 plaintiff's claims failed to show how any of the GEO defendants had caused or personally participated in
4 causing the harmed alleged.

5      On February 21, 2008, plaintiff filed an amended complaint (Dkt. #17), which the undersigned
6 finds no longer suffers from the same deficiencies contained in the original complaint. The undersigned
7 thus has accepted that amended complaint for service and ordered service thereof on defendants. Because
8 an amended complaint operates as a *complete* substitute for an original complaint, the GEO defendants'
9 motion to dismiss is now moot. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal
10 Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert.*
11 *denied*, 506 U.S. 915 (1992).

12 CONCLUSION

13      For the aforementioned reasons, the undersigned recommends that the Court deny the GEO
14 defendants' motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #11)
15 as being moot.

16      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the
17 parties shall have ten (10) days from service of this Report and Recommendation to file written
18 objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those
19 objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit
20 imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **March 28,**
21 **2008**, as noted in the caption.

22      DATED this 3rd day of March, 2008.

25                                    Karen L. Strombom
26                                    United States Magistrate Judge