UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAMION BROMFIELD,

    Plaintiff,

v.

CHARLES MCBURNEY, *et al.*,

    Defendants.

Case No. C07-5226RBL-KLS

REPORT AND RECOMMENDATION

Noted for September 26, 2008

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4. This matter comes before the Court on a motion to dismiss plaintiff's amended complaint (Dkt. #17) pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) filed by defendants Michael Melendez and Jack Bennett (Dkt. #32). Having reviewed defendants' motion and the remaining record, the undersigned submits the following report and recommendation for the Honorable Ronald B. Leighton's review.

FACTUAL AND PROCEDURAL BACKGROUND

This matter involves an action filed by plaintiff against defendants, both of whom are employees of the Immigration and Customs Enforcement ("ICE"), for violations of his constitutional rights pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 430 U.S. 388 (1971). Specifically, plaintiff alleges in his amended complaint that defendants:

    (1)    denied him access to state laws and forms and federal civil rights/*habeas corpus* case law in violation of his right to access the courts;

| | | | |
|---|---|---|---|
| 1 | | (2) | denied him confidential access to counsel; |
| 2 | | (3) | denied him access to toll free calling with which to contact counsel and government agencies; |
| 3 | | | |
| 4 | | (4) | opened special out-going legal correspondence; |
| 5 | | (5) | opened his legal mail in violation of his right to freedom of expression; |
| 6 | | (6) | returned his outgoing mail in violation of his First Amendment rights; |
| 7 | | (7) | placed him in administrative segregation in conditions amounting to a violation of his Eighth Amendment rights; |
| 8 | | (8) | placed him in segregation for the purpose of punishing him in violation of his due process rights; and |
| 9 | | | |
| 10 | | (9) | read and copied his legal documents in violation of his right to access the courts. |

(Dkt. #17 and #18). He seeks both injunctive relief and damages. See id.

In their motion, defendants argue plaintiff's amended complaint should be dismissed because: (1) plaintiff failed to exhaust his administrative remedies; and (2) his claims are moot, because neither of the named defendants are currently employed at the Northwest Detention Center ("NWDC"), where plaintiff is being detained. Although plaintiff has not filed a response to defendants' motion, the undersigned finds that motion is now ripe for consideration. For the reasons set forth below, the undersigned recommends the Court grant in part and deny in part defendants' motion to dismiss.

## DISCUSSION

The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). All material factual allegations contained in the complaint "are taken as admitted" and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Lee, 250 F.3d at 688. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), furthermore, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Vague and mere "[c]onclusionary allegations, unsupported by

REPORT AND RECOMMENDATION
Page - 2

facts" are not sufficient to state a claim under 42 U.S.C. § 1983. Jones v. Community Development Agency, 733 F.2d 646, 649 (9th Cir. 1984); Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). Thus, even though the Court is to construe the complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." Pena, 976 F.2d at 471.

I. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Further, "[a]ll 'available' remedies" must be exhausted, "[e]ven when the prisoner seeks relief not available in grievance proceedings." Id. at 524. As noted by defendants, however, because they are not included within the PLRA's definition of "prisoner", the exhaustion requirement does not apply to immigration detainees. See 42 U.S.C. § 1997e(h)[1]; Ojo v. Immigration and Naturalization Service, 106 F.3d 680, 682-83 (5th Cir. 1997).

Defendants nevertheless argue plaintiff still should be required to exhaust available administrative remedies for grievances prior to seeking redress in federal court, asserting that the "detainee grievance procedure" at the NWDC is equipped to deal with the types of claims raised in the amended complaint, and "operating officials" have the authority to grant his requested injunctive relief or make the changes necessary to resolve those claims. (Dkt. #32, p. 2). In support of this argument, plaintiff relies on the United States Supreme Court's decision in McCarthy v. Madigan, 503 U.S. 140 (1992). In McCarthy, the Supreme Court stated that "[w]here Congress specifically mandates, exhaustion is required . . . [b]ut where Congress has not clearly required exhaustion, sound judicial discretion governs." Id. at 144.

The Supreme Court, however, placed some important caveats on the district court's exercise of discretion here:

> [E]ven in this field of judicial discretion, appropriate deference to Congress' power to

---

[1] The term "prisoner" means: "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. §1915(h).

REPORT AND RECOMMENDATION
Page - 3

> prescribe the basic procedural scheme under which a claim may be heard in a federal court requires fashioning of exhaustion principles in a manner consistent with congressional intent and any applicable statutory scheme.

Id. In addition, "federal courts are vested with a 'virtual unflagging obligation' to exercise the jurisdiction given them." Id. at 146 (citation omitted). The Supreme Court thus "has declined to require exhaustion in some circumstances even where administrative and judicial interests would counsel otherwise." Id.

In determining whether exhaustion should be required, "federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." Id. Accordingly, a litigant need not pursue administrative remedies if his or her "interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further." Id. (citation omitted). This determination is "intensely practical," as "attention is directed to both the nature of the claim presented and the characteristics of the particular administrative procedure provided." Id.

The Supreme Court has "recognized at least three broad sets of circumstances in which the interests of the individual weigh heavily against requiring administrative exhaustion." Id. The first factor is whether "requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of a court action." Id. at 146-47. "Second, an administrative remedy may be inadequate 'because of some doubt as to whether the agency was empowered to grant effective relief.'" Id. at 147 (citation omitted). Lastly, "an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it." Id. at 148.

The record before the Court, however, is inadequate to determine whether exhaustion should be required here despite the lack of an express Congressional mandate. This is because defendants have not presented any actual documentary or other evidence establishing the existence of a grievance procedure having been adopted or employed by the NWDC, or what that procedure actually entails to the extent that one does in fact exist. Nor have defendants shown that any "operating officials," whether ICE, NWDC or other agency staff, have the power to grant the relief requested by plaintiff. This is not surprising given that a district court generally "may not consider any material beyond the pleadings" in ruling on a motion to dismiss. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). Defendants,

REPORT AND RECOMMENDATION
Page - 4

1  therefore, have failed to establish the existence of any administrative remedies plaintiff should be made to
2  exhaust prior to having filed this action in federal court.

3  II.     Mootness

4       Defendants next argue that because they are no longer employed at the NWDC – although they are
5  both still employees of ICE – plaintiff's request for injunctive relief against them are moot.  In general, an
6  action is deemed to be moot when "the parties lack a legally cognizable interest in the outcome."  Lee v.
7  Schmidt-Wenzel, 766 F.2d 1387, 1389 (9th Cir. 1985) (citations omitted) (dismissing as being moot claim
8  for declaratory judgment that appointment of members of board of directors was invalid, because at time
9  that summary judgment was entered, new board of directors had been elected).  The courts do recognize
10 an exception to the above "mootness doctrine," however, " in those actions that are 'capable of repetition,
11 yet evading review.'"  Id. at 1390 (citation omitted); see also Williams v. Alioto, 549 F.2d 136, 141 n.4
12 (applying mootness doctrine to request for injunctive relief).

13       The above exception is limited to those cases in which:

14       (1) [T]he challenged action [is] in its duration too short to be fully litigated prior to its
         cessation or expiration, and (2) there [is] a *reasonable expectation* that the same
15       complaining party would be subjected to the same action again.

16 Id. (citation omitted) (emphasis added by court of appeals).  No showing has been made by plaintiff here
17 that the challenged actions were too short in duration to be fully litigated prior to their cessation.  In
18 regard to the "reasonable expectation" prong of the exception to the mootness doctrine, plaintiff has "the
19 burden of showing that there is a reasonable expectation that" he "will once again be subjected to the
20 challenged activity."  Id.  To do so, he "must establish a demonstrated probability that the same
21 controversy will recur involving the same litigants."  Id.  As such, where "the chance of repetition is
22 remote and speculative," the Court lacks jurisdiction.  Id. (citation omitted).

23       Here, plaintiff does not allege that ICE or the NWDC has violated his constitutional rights, and,
24 indeed, neither of these entities is named as a defendant in this case.  Rather, plaintiff expressly alleges
25 that defendants Melendez and Bennett themselves violated his constitutional rights, at times in violation
26 of ICE policy.  Indeed, the injunctive relief plaintiff requests is directed specifically against those two
27 defendants.  Accordingly, given that neither defendant is currently an employee at the NWDC, and that
28 plaintiff has not made any showing they likely will be employed again at that facility – or, even if there is

such a possibility, that they likely would be re-employed there in the near future – plaintiff has failed to meet his burden of establishing a demonstrated possibility that this same controversy will incur between the same litigants. In other words, the chance of repetition here is remote and speculative.

Although plaintiff has failed to counter defendants' argument that his request for injunctive relief against them is moot, the undersigned still finds his actual claims against them should go forward in this matter. This is because it appears plaintiff has not limited himself solely to a request for injunctive relief in his amended complaint. Rather, at the end of that complaint, plaintiff expressly states that defendants "have violated his rights," and that "[f]or all the reasons that go before," he "seeks a jury trial on the damages" defendants "have caused to his person." (Dkt. #17, p. 48). Accordingly, while that part of defendants' motion seeking to have plaintiff's request for injunctive relief be dismissed as moot should be granted, their request to dismiss the claims in the amended complaint should be denied.

## CONCLUSION

For the aforementioned reasons, the undersigned recommends that the part of defendants' motion to dismiss seeking to have plaintiff's request for injunctive relief be dismissed should be GRANTED, but that the part of their motion seeking to dismiss the claims in the amended complaint themselves should be DENIED. (Dkt. #32).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **September 26, 2008**, as noted in the caption.

DATED this 2nd day of September, 2008.

Karen L. Strombom
United States Magistrate Judge